UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO.  14-60163-CR-DIMITROULEAS

       Plaintiff,

vs.

SHAUN MCKINLEY,

       Defendant

_____/

# **O R D E R**

THIS CAUSE is before the Court on the Defendant's (McKinley) November 26, 2014 Motion for New Trial.   [DE-95].  The Court has reviewed the Court file and having presided over the trial of this cause, finds as follows:

1. On July 17, 2014, McKinley was indicted and charged with Kidnapping and Sex Trafficking By Force.  [DE-17].  Trial was set for September 8, 2014.  [DE-22].  On July 14, 2014, McKinley requested that his public defender be removed as his counsel.  [DE-23].  A hearing was held on July 31, 2014.  [DE-26].  Alan Kaufman was appointed to represent McKinley as CJA counsel.  [DE-27].

2. On August 20, 2014, defense counsel requested that the trial be continued until November 10, 2014.  [DE-30].   On September 5, 2014, based upon McKinley's objections, the Court only continued the trial until September 15, 2014.  [DE-34].

3.  On September 11, 2014, the Government filed its Notice of Intent to Offer Evidence of Inextricably Interwined Evidence (drug trafficking activities).  [DE-48].  At the calendar call held on September 12, 2014, defense counsel did not object to the introduction of this evidence, as reflected in the trial transcript at the start of the trial on September 15, 2014.  [DE-91, p. 6-7].

1

4.  During the opening statement, the Government mentioned that McKinley had been a drug dealer.  [DE-91, p. 157].  There was no objection.

5.  In this motion for new trial, McKinley complains about a number of issues:

A.  First, he complains about prejudicial testimony regarding: crack cocaine distribution [DE-91, pp. 240-41]; having another girl [DE-91, pp. 261, 269]; using his room for prostitution [DE-91, p. 261].  There were no objections to those areas of testimony.  No plain error occurred.

B.  Second, McKinley complained about the prosecutor's highlighting this testimony, [DE-93, p. 173].  There was no objection to this argument.  It was a proper comment on the evidence.  No plain error has been shown.

C.  Third, McKinley complains about the prosecutor's cross-examination of defense witness, Gerry Viskcil: about search warrants served at his home, [DE-93, pp. 31-32] (there was no motion for mistrial); about drugs and a gun found in a car [DE-93, pp. 32-33] (there was no answer given, and the objection was sustained); about drugs and guns found in Hallandale [DE-93, pp. 39-41] (there was no answer given, and the objection was sustained); about drugs in McKinley's room [DE-93, pp. 39-40] (there was no answer, the objection was sustained, and a motion for mistrial was denied); and about crack cocaine and prostitution activities at his home [DE-93, p. 49] (there was no objection).  No plain error has been shown.

D.  Fourth, McKinley complains about the prosecutor's impeaching him with prior convictions.  [DE-93, p. 120-21] (there was no objection).  No plain error occurred.

5.  Any error was not preserved.  Any error was harmless.  There was overwhelming evidence of guilt.  U.S. v. Doe, 216 Fed. Appx. 874, 880 (11th Cir.) reh'g denied, 253 Fed. Appx. 924 (2007).

Wherefore, Defendant's Motion for New Trial [DE-95] is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this

1st day of December, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record

3