14-cr-60163

Nov 25, 2014

To: Judge Dimitrouleas
From: Shaun McKinley

Your Honor enclosed is a motion to supplement the motion for new trial submitted by my current attorny Mr. Cariglio JR. Mr. Cariglio refused to submitt my motion on the grounds that I outlined in the enclosed motion, even though there's case law to support such grounds. I am happy with Mr. Cariglio's representation up to this point except for this current issue. I ask if your Honor can at the very least entertain my motion for new trial on this ground assuming that Mr. Cariglio will adopt my supplementation of his motion for new trial. This is not a request for a new attorny.

Sincerly,
Shaun McKinley

RECEIVED IN CHAMBERS
14 DEC -1 PM 11:53
JUDGE WILLIAM P. DIMITROULEAS
US DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA

THE UNITED STATES OF AMERICA,
    Plaintiff

vs.
                               Case No: 14-Cr-0060163

Shaun McKinley,
             Defendant

## DEFENDANT'S SUPPLEMENTAL GROUNDS FOR NEW TRIAL PURSUANT TO RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

COMES NOW, the defendant, per se, and files the following supplemental grounds for new trial in this case:

1. Defense witness Simone Griffiths who this court issued a subpoena in the name of to testify at the defendant's trial was unable to be in court at the time of trial to testify for the defendant because she was in the hospital suffering from servere sickle-cell issues. Every attempt to find Simone Griffiths including calling her cell phone and going by her home in order to serve her with the subpoena was unsucessful. Simone was on heavy medication at this time and even if found probaly would not of be in the best condiction to testify for the defendant. In Rodriguez v. United States, 373 F2d 17 the Fifth Circuit pointed out "that the defendant's motion was not founded upon the arguably valid contention that the informant was unavaible to be called as a defense witness at the date of trial". also see United State v. Bridges 139 App DC 259,

432 F.2d 692 (1970) commenting that the defe[ndant] might well have been found to deserve a new [trial] had he made a timely motion under Rule 33 [of the] Federal Rules of Criminal Procedure and if th[e] witness had been served with a subpoena bu[t] arrived in court too late to testify on the [day] the defendants case was tried.

Simone Griffiths recently gave a sworn stateme[nt] to an Investorgator for the defendant expla[ining] what happened the night for which the defen[dant] was convicted of kidnapping the victim in this [case]. She has agreed to take the stand "offer her pr[ior] testimony. We believe Simone Griffiths testi[mony] would have been of vital importance to th[e] defendants defense had she been aviable t[o] testify, and also it relates to key issues b[rought] up at trial. In Amos v United States, 95 A[pp DC] 31, 218 F2d 44, the court held that a me[w] trial should have been granted where a disinterested witness became available [and] could supply evidence of vital importance [and] the only similar evidence at the trial was that of the defendant himself. In Coates v Un[ited] States, 84 App DC 359, 174 F2d 959, re[manded] back to district court, the court conc[luded] that the interests of justice required th[at the] court know what the policeman would s[ay, as] the critical feature of the case, to whi[ch he] was a witness.

WHEREFORE, for the foregoing reasons, it [is] respectfully requested that defendants M[otion] for new trial be granted.

Respectfully submitted,

Shaun McKinley

*Shaun McKinley*

November 25, 2014